U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 27 2015

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

REDWOODVENTURES, LTD and **PLAINTIFFS**
REDWOODVENTURES, LLC

v.              CASE NO. __15-5174 TLB__

IRWIN RX LTD;              **DEFENDANTS**
ITOYS USA LTD.; and
TECH 4 KIDS, INC.

## COMPLAINT

Plaintiffs RedwoodVentures, Ltd. ("Redwood LTD"), and RedwoodVentures, LLC ("Redwood LLC"), (collectively referred to as "Redwood" or "Plaintiffs") for their complaint against defendants Irwin Rx, Ltd, iTOYS USA LTD. (together "Irwin"), and Tech 4 Kids, Inc. ("Tech"), (collectively referred to as "Defendants"), state and aver:

## PARTIES, JURISDICTION, AND VENUE

1.      Redwood LTD is a limited company organized and existing under the laws of Hong Kong.

2.      Redwood LLC is a limited liability company organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Benton County, Arkansas.

3.      Separate defendant Irwin Rx, LTD is a limited company organized and existing under the laws of Canada.

4.      Irwin Rx, Ltd does business in the United States as iTOYS USA LTD.

5.    Separate defendant iTOYS USA LTD. is a corporation organized and existing under the laws of the State of Delaware.

6.    At all times relevant hereto, Irwin continuously and systematically sold products in and throughout Arkansas including into Toys R Us stores in Arkansas. At all times relevant hereto, Irwin has purposely availed itself of the privilege of conducting activities in Arkansas through the sale of products throughout the State.

7.    Separate defendant Tech is a corporation organized and existing under the laws of Canada and currently doing business worldwide. Tech registered to conduct business in the State of California.

8.    Tech partnered with Irwin to sell Irwin's toys into the United States, including into Arkansas.  At all times relevant hereto, Tech continuously and systematically sold and distributed products, including Irwin products, in and throughout Arkansas including into Toys R Us stores in Arkansas. At all times relevant hereto, Tech and Irwin have purposely availed themselves of the privilege of conducting activities in Arkansas through the sale of products throughout the state.

9.    Defendants are also directly soliciting sales throughout the United States, including Arkansas via YouTube and the Defendants' e-commerce website at www.get3dmagic.com.

10.    Jurisdiction of this Court is invoked under 28 U.S.C. §1338(a), as it is an action arising under the Federal Copyright Act of 1976, 17 U.S.C. §101 et seq.

This Complaint further involves claims for trade dress infringement, trademark infringement, false designation of origin, and false or misleading description or representation of fact under the Trademark Act of 1946, as amended (the "Lanham Act"), codified at 15 U.S.C. §1051, et seq.  In addition, and as it relates to any state law issues alleged herein, this Court has supplemental jurisdiction of the subject matter pursuant to 28 U.S.C. §1367(a), as the federal and state law claims at issue arise from a common nucleus of operative facts.

11.     Venue is proper in this district pursuant to inter alia  28 U.S.C. §1400(a) and 1391, and because the Defendants are juridical entities subject to personal jurisdiction in this district and deemed to reside here for purposes of venue.

## FACTS COMMON TO ALL COUNTS

12.     Redwood repeats and realleges paragraphs 1 – 11 as though fully set forth herein.

13.     Redwood has developed an innovative product known as "IDO3D", which uses a pen that extrudes rapidly drying structural ink that cures upon extrusion under lights or in sunlight. IDO3D is marketed and sold with design guides for a number of designs, which are shown in completed form on the IDO3D packaging. As discussed more fully below, Redwood has certain copyright registrations and applications pending registration for its design guides, product packaging images, and a number of completed sculptures.

14.    Beginning in October of 2014 at the Dallas Toy Fair, Redwood has marketed and displayed its products through trade shows using the IDO3D trademark shown below:



15.    Redwood is in the business of marketing and manufacturing toy products.  As part of that business, it markets its products to wholesale distributors and vendors.  To that end, Redwood has created and displayed digital presentations, product packaging, prototype samples and video presentations at trade shows such as the Dallas Toy Fair and the New York Toy Fair.

16.    Toy manufacturers, suppliers, and retail customers attend the Dallas Toy Fair, the New York Toy Fair and other toy fairs across the globe to introduce new products to the media and to prospective purchasers, as well as to trade press and interact with suppliers and customers.

17.    Representatives from Defendants were present at the New York Toy Fair, which took place in New York City in mid-February, 2015.

18.    Beginning in November, 2014, Redwood's product packaging features a distinctive "1-2-3" step graphic on the exterior of the packaging shown in Exhibit A.

19.    In January, 2015, Redwood provided a digital presentation ("January 2015 Digital Presentation")for its national and international retail clients that touted the use of the distinctive 1-2-3 step graphic as shown in Exhibit B.

20.   Use of the 1-2-3 step graphic brings home to the consumer in simple and concise terms the ease with which IDO3D can be used to create three-dimensional works of art in three (3) easy steps which are separated from the main packaging graphics in picture windows.

21.   This illustration greatly enhances marketability of IDO3D by separating it visually from other products that are more complicated to use and require additional steps.

22.   Upon information and belief, Defendants gained access to the January 2015 digital presentation or a portion thereof.

23.   Redwood's January digital presentation further provided a list of assorted themes Redwood planned to provide with its IDO3D products to allow users to draw various designs from these themes.  As shown in Exhibit C, this assortment included themes such as "Creatures and Animals," "Pets," "Under the Sea" and provided a photograph of a butterfly.

24.   In mid-February of 2015, Redwood presented IDO3D at its booth at the New York Toy Fair.  Redwood's booth, which was open to attendees and exhibitors of the New York Toy Fair, displayed examples of prototype samples, product packages, guide books, and a video commercial created by Redwood featuring children drawing with IDO3D and playing with their creations at a white glass table in a white, modern-appearing room.  The commercial featured the creation of art that appeared skeletal in nature as a result of this type of creative work.  Photographs of Redwood's booth are included in Exhibit D.

25.   The 1-2-3 step graphic packaging was used for marketing IDO3D in Redwood's booth at the New York Toy Fair.

26.   Redwood's booth also displayed a guidebook which included designs detailing how to create a butterfly, a clown fish, glasses frames above an enlarged diagram detailing the creation of a dinosaur.   This diagram is visible in a photograph in Exhibit D.

27.   Defendants presented their 3D Magic 3D Creation Maker at the February 2015 New York Toy Fair.   Images of Defendants' booth are available online and are presented in Exhibit E.

28.   As shown in Exhibit E, Defendants' creation in February primarily included buildings and structures, such as a castle, a house, the Eiffel Tower, and a bridge.   Defendants did not display a dinosaur, a butterfly, a clown fish, or glasses frames.

29.   Defendants presented product packaging for the 3D Magic 3D Creation Maker at the New York Toy Fair.   Images of Defendants' product packaging are presented in Exhibit F.

30.   Defendants packaging at the New York Toy Fair featured the 3D Magic logo in a blockish font as shown below:



31.    As of February 2015, Defendants' packaging, *see* Exhibit F, did not feature a 1-2-3 step graphic utilized by Redwood.

32.    Redwood has applied for patent protection for the design of the IDO3D pen and utility protection for its ink and pen devices for IDO3D and ATMOSFLARE, Redwood's lighted pen device. These patents are pending.

33.    Redwood has made sales of the IDO3D products to a number of U.S. toy distributors and developed marketing materials and commercials to facilitate retail sales in time for the Christmas 2015 season.

34.    Redwood has also sought trademark registrations for IDO3D, ATMOSFLARE, and LIQUID SUNSHINE. On June 30, 2015, the United States Patent and Trademark Office registered the word mark IDO3D to Redwood LTD. as U.S. Trademark Reg. No. 4,763,652 (the "IDO3D wordmark"), a copy of which is attached as Exhibit G.  Redwood LLC is the owner of the IDO3D wordmark by assignment.

35.    Beginning in late 2014 through the Spring of 2015, Redwood created numerous designs to be used with its IDO3D products.  These designs included the technical drawings used to create the three-dimensional designs and the sculptures themselves.

36.    Throughout April and May 2015, Redwood began to provide retailers with product packaging that included images of its copyright pending designs. These product packages were accessible in retailer merchandising test facilities, including Kmart, Toys R Us and Wal-Mart.

37.    Included on Redwood's product packages were images of sculptures, including a palm tree with monkeys hanging down from its branches and a jewelry box with the word "Emma" on it.  Examples of these product packages are included in Exhibit H.  During this period, Defendants were not featuring any such images on any of their packaging.

38.    Upon information and belief, as these test facilities are relatively open to competing vendors, Defendants had access to these retailer test facilities.  In fact, in at least two such test facilities, the 3D Magic 3D Maker is placed on the shelf next to Redwood's IDO3D products.

39.    In the Spring of 2015, Redwood filmed a second video presentation to be used as the television commercial for IDO3D.  This new commercial included stylistic elements from the first commercial including children drawing with IDO3D and playing with their three-dimensional creations at a white glass table in a white modern-appearing room.  Beginning in October 2014, both the original commercial and the updated commercial were widely distributed digitally to current and potential retail and distributor customers in the US and numerous international markets.  An image from Redwood's commercial is presented in Exhibit I.

40.    In addition to the modern, white set design, Redwood's commercial features an opening child narrator asking "Do you do 3d?" and children's voices responding "I do 3d!", the repetitive use of "3d" in children's voices, flying stick-figure planes through the air, creating jewelry, the creation and playing with a

green dinosaur, the wearing of eyeglass frames, and the placement of sculptural artwork on the table, like the blue robot shown in screenshot below:



41.    On June 2, 2015, Redwood received U.S. Copyright Reg. No. PAu 3-768-106 for the Redwood Summer 2015 AV Media including the second video commercial created by Redwood, the IDO3D Commercial.  A copy of U.S. Copyright Reg. No. PAu 3-768-106 is included as Exhibit J.   Redwood is awaiting the registration certificate for the first IDO3D Commercial.

42.    In mid-June of 2015, Redwood learned of a digital video file that included what appears to be a draft commercial for Defendants' 3D Magic 3D Maker.  This commercial included children playing with their three-dimensional creations at a white glass table in a white modern-appearing room and included designs not previously shown by Defendants at the February 2015 New York Toy Fair, including a palm tree with monkeys hanging down from branches, a dinosaur,

a butterfly and the word "Emma".   Images from Defendants' commercial are provided in Exhibit K.

43.    Defendants' commercial is now available on YouTube and Defendants' website www.get3dmagic.com.  Still images from Defendants' commercial are also available on Defendants' website, including images of a palm tree with monkeys hanging down from branches, a dinosaur, and a butterfly.

44.    In addition to the modern, white set design, Defendants' commercial features a child narrator saying "It's 3d for me" with a second child responding "And me," flying stick-figure planes through the air, creating jewelry, the creation and playing with a green dinosaur, the wearing of eyeglass frames, and the placement of sculptural artwork on the table, like the blue robot shown in screenshot below:



45.    Upon information and belief, Defendants' commercial has been provided to retailers and distributors nationally and internationally.

46.    One July 6, 2015, Redwood received U.S. Copyright Reg. No. VA 1-961-509 for the IDO3D Zoo Animals Palm Tree and Monkeys.  A copy of U.S. Copyright Reg. No. VA 1-961-509 is included as Exhibit L.

47.    On June 18, 2015, Redwood LLC filed U.S. Trademark Application 86/667,164 for the IDO3D logo, which features a "3D" that uses three-dimensional lettering with the "3" having a sharp angular projection at the top right corner, as shown below:



48.    Additional copyright applications are pending registration for Redwood's design guides, product packaging images, and a number of completed sculptures.

49.    Since gaining access to Redwood's packaging, designs, and commercials, Irwin has started using packaging and designs for Irwin's 3D Magic 3D Maker (the "Defendants' Product") that parallel the items Redwood has used to promote IDO3D.

50.    Moreover, after seeing Redwood's logo displayed at the February 2015 New York Toy Fair, Defendants changed their logo from the logo on the left below to more closely mimic Redwood's logo.  Specifically, Defendants' "3D Magic" logo on the

right below now employs an angular "3" to mimic the sharp angular "3" used in Redwood's IDO3D logo.



51.     Following the New York Toy Fair, Defendants also began utilizing (for its Product packaging) the 1-2-3 step graphic concept that it had seen on Redwood's Product packaging and on Defendants' website www.get3dmagic.com.  An example of Defendants' product packaging is provided in Exhibit M.

52.     In June 2015, Redwood learned of a new sales presentation from Defendants. That presentation provided a list of assorted themes that Defendants planned to provide with Defendants' products to allow users to draw various designs from these themes.  This presentation included new themes such as animals, dinosaurs, butterflies, and sea creatures, just as Redwood's sales presentation included in January of 2015.

53.     Upon information and belief, Defendants' product includes designs that infringe upon Redwood's copyrighted designs.

54.     Furthermore, upon information and belief, Irwin has made false assertions to customers, including that: (i) Redwood's IDO3D product is not safe

and/or is inoperable; and (ii) that Redwood has sought assistance from Irwin for developing the IDO3D product. There is no basis in fact for Defendants' assertions.

### COUNT ONE - COPYRIGHT INFRINGEMENT

55.    Redwood repeats and realleges paragraphs 1 – 55 as though fully set forth herein.

56.    At all relevant times, Redwood LTD has been and still is the owner and proprietor of all right, title and interest in and to U.S. Copyright Reg. No. VA 1-961-509 for the IDO3D Zoo Animals Palm Tree and Monkeys.

57.    Redwood LTD's IDO3D Zoo Animals Palm Tree and Monkeys copyrighted work features a palm tree that has multiple, distinct fronds with pink monkeys hanging from the fronds.  A photograph picturing Redwood LTD's palm tree and monkeys is shown below:



58.   Defendants' draft commercial features a palm tree with pink monkeys hanging from the palm fronds as shown below:



59.   Defendants' use of a palm tree with monkeys in Defendants' video commercial has infringed upon Redwood LTD's copyrighted materials.  With full knowledge of Redwood LTD's rights, Defendants have infringed and continue to infringe Redwood LTD's copyright by directly copying the copyrighted materials and distributing infringing material to the public throughout the United States, including this State and judicial district.  Such copying was engaged in by Defendants without the consent, approval or license of Redwood LTD.

60.   Defendants unlawfully and willfully copied all or part of Redwood LTD's copyrighted materials, in violation of Redwood LTD's copyrights.

61.     Defendants' aforementioned acts violate Redwood LTD's exclusive rights to reproduce its copyrighted works, prepare derivative works and distribute copies to the public, and constitute infringement of Redwood LTD's copyright.

62.     Defendants have violated, and are threatening to violate in the future, Redwood LTD's exclusive rights under 17 U.S.C. §106.   Defendants' past and continuing copying and distribution of Defendants' product to members of the general public constitute willful and deliberate infringements of Redwood LTD's copyright and is causing irreparable harm and damage to Redwood LTD.

63.     Defendants' unlawful and willful infringement of Redwood LTD's copyright has caused Redwood damages.

64.     Redwood is entitled to damages, permanent injunctive relief, impoundment and eventual destruction of the infringing material, the Defendants' profits, attorney's fees, enhanced damages, costs and all other statutory damages to which it may be entitled.

## COUNT TWO - COPYRIGHT INFRINGEMENT

65.     Redwood repeats and realleges paragraphs 1 – 64 as though fully set forth herein.

66.     At all relevant times, Redwood LTD has been and still is the owner and proprietor of all right, title and interest in and to U.S. Copyright Reg. No. PAu 3-768-106 for the Redwood Summer 2015 AV Media including the IDO3D Commercial.

67.     Redwood LTD's IDO3D Commercial copyrighted work features children playing with their three-dimensional creations at a white glass table in a

brightly-lit, white modern-appearing room.  A still image from Redwood LTD's commercial is shown below:



68.    Defendants' draft commercial now also features children playing with their three-dimensional creations at a white glass table in a brightly-lit, white modern-appearing room.  A still image from Defendants' draft commercial is shown below:



69.     Defendants' draft commercial features new designs not previously shown by Defendants at trade shows like the New York Toy Fair, including a palm tree with monkeys, a green iridescent dinosaur, a blue beady-eyed robot, a clownfish, flying planes, and the word "Emma" in outlined bubble-letters.   In comparison with the copyrighted designs of Redwood, these images are shown below with Defendants' designs on the left and Redwood's copyrighted designs on the right:







70.     Defendants' video commercial is currently available on YouTube.

71.     Defendants' video commercial has infringed upon Redwood LTD's copyrighted materials.  With full knowledge of Redwood LTD's rights, Defendants have infringed and continue to infringe Redwood LTD's copyright by creating a derivative work of the copyrighted materials and distributing infringing material to the public throughout the United States, including this State and judicial district. Such copying was engaged in by Defendants without the consent, approval or license of Redwood LTD.

72.     Defendants' aforementioned acts violate Redwood LTD's exclusive rights to reproduce its copyrighted works, prepare derivative works and distribute copies to the public, and constitute infringement of Redwood LTD's copyright.

73.     Defendants have violated, and are threatening to violate in the future, Redwood LTD's exclusive rights under 17 U.S.C. §106.   Defendants' past and continuing copying and distribution of Defendants' product to members of the general public constitutes a willful and deliberate infringement of Redwood LTD's copyright and is causing irreparable harm and damage to Redwood LTD.

74.    Defendants' unlawful and willful infringement of Redwood LTD's copyright has caused Redwood damages.

75.    Redwood is entitled to damages, permanent injunctive relief, impoundment and eventual destruction of the infringing material, the Defendant's profits, attorney's fees, enhanced damages, costs and all other statutory damages to which it may be entitled.

## COUNT THREE – TRADE DRESS INFRINGEMENT

76.    Redwood repeats and realleges paragraphs 1 – 75 as though fully set forth herein.

77.    Redwood developed and adopted a distinctive design for its IDO3D product packaging, which makes it strongly identifiable to consumers by its visual appearance.

78.    Redwood's IDO3D product packaging includes a distinctive 1-2-3 step graphic that grabs the consumers' attention. As shown below, this distinctive graphic is attractive and assists the consumer in identifying Redwood's product as distinct from others:



79.    Redwood has invested considerable expense in developing the design for its IDO3D packaging.

80.    Redwood has engaged in extensive promotion of its distinctive design and such design is recognized in the relative markets as an asset of Redwood.

81.    As shown below, since gaining access to Redwood's design, Defendants have intentionally appropriated the prominent 1-2-3 graphic to their own product packaging:



82.     Defendants have knowingly and intentionally copied Redwood's trade dress in order to unfairly appropriate Redwood's established goodwill and divert Redwood's customers by means of deception as to the source of Defendants' products.

83.     Upon information and belief, Redwood's and Defendants' products will be located on retail shelves within close proximity, if not right next to each other.

84.     Defendants have knowingly and without authorization from Redwood, placed their competing products in commerce in a product packaging that is likely to cause confusion in the marketplace and to cause mistake as to an affiliation, connection or association of Defendants with Redwood and as to the origin, sponsorship or approval of such products by Redwood.

1264711-v1

85. Defendants' acts have caused (and are likely to cause in the future) damage to Redwood, are in violation of the Lanham Act, will divert Redwood's sales, and will diminish Redwood's selling power of its established trade dress.

<u>**COUNT FOUR - TRADEMARK INFRINGEMENT**</u>

86. Redwood repeats and realleges paragraphs 1 – 85 as though fully set forth herein.

87. Redwood has adopted a distinctive design for its IDO3D logo, which makes it strongly identifiable to consumers by its visual appearance. As shown below, the IDO3D logo includes an angular font with a "3" having a sharp angle at the top of the "3":



88. Redwood has engaged in extensive promotion of its distinctive logo and such logo is recognized in the relative markets as an asset of Redwood.

89. Defendants changed their logo after the New York Toy Fair from a blockish "3D" to a more angular "3D" as shown below:



90.    Defendants have knowingly and intentionally copied Redwood's logo in order to unfairly appropriate Redwood's established goodwill and divert Redwood's customers by means of deception as to the source of Defendants' products.

91.    Defendants have knowingly and without authorization from Redwood, placed their competing products in commerce bearing a logo likely to cause confusion or to cause mistake as to an affiliation, connection or association of Defendants with Redwood and as to the origin, sponsorship or approval of such products by Redwood.

92.    These acts of Defendants have caused, and are likely to cause, damage to Redwood, are in violation of the Lanham Act, will divert Redwood's sales, and will diminish Redwood's selling power of their established logo.

### COUNT FIVE – UNJUST ENRICHMENT

93.    Redwood repeats and realleges paragraphs 1 – 92 as though fully set forth herein.

94.    If the relief requested in any of the Counts stated above is denied for any reason, the Defendants will be unjustly enriched by using Redwood's property for personal gain and by taking advantage of inequitable conduct that has resulted in losses and harm to Redwood to the benefit of the Defendants.

95.    Redwood is entitled to receive monetary restitution in an amount sufficient to prevent the unjust enrichment of the Defendants, who will have received value to which they are not entitled and from which they must restore.

### PRAYER FOR RELIEF

1264711-v1

WHEREFORE, plaintiffs RedwoodVentures, LTD, and RedwoodVentures, LLC, pray for the following:

(a)    That Defendants, their officers, directors, employees, agents and all others acting under their direction and control be enjoined and restrained through permanent injunctive relief from infringing on and contributing to or inducing the infringement of Redwood's copyrights, trade dress, and trademark.

(b)    That Redwood be granted an equitable accounting from Defendants for any and all sales and/or profits derived by Defendants from said actions, infringement and Defendants' other unlawful acts.

(c)    That Defendants be required to compensate Redwood for all damages, including actual and compensatory damages, lost profits, loss of business reputation, costs in bringing this action, costs of corrective advertising, together with interest and costs, suffered by Redwood as a result of said infringement and Defendants' other unlawful acts.

(d)    That the Court order that all product packaging, printed materials, product materials, and other infringing articles in Defendants' possession be delivered to Redwood and/or destroyed.

(e)    That the Court advance this matter on its docket and request expedited discovery in this matter.

(f)    That, because this is an exceptional case and to the extent applicable, Redwood be awarded its reasonable attorney fees, expenses and costs in this action.

(g)     That Redwood be awarded such other and further relief to which it may be entitled, whether at law or in equity, including under the Lanham Act, state law and the common law.

Respectfully submitted,

WRIGHT LINDSEY & JENNINGS LLP

*Eric Berger*
_____
Gregory T. Jones (83097)
Meredith Lowry (2005232)
Eric Berger (2004210)
3333 Pinnacle Hills Pkwy. Ste. 510
Rogers, AR 72758
479.986.0888gjones@wlj.com
mlowry@wlj.com
eberger@wlj.com

## VERIFICATION

STATE OF ARKANSAS

COUNTY OF BENTON


    I, Andrew Wiseman, do hereby state, on oath, that the facts and information set forth above are true and correct to the best of my knowledge, information and belief.

_____
Andrew Wiseman


    SUBSCRIBED AND SWORN to before me, a Notary Public, on this _20th_ day of __July__, 2015.

_____
Notary Public


My Commission Expires:
__3/12/24_____

BRITTNI JONES
NOTARY PUBLIC - ARKANSAS
BENTON COUNTY - #12397961
My Comm. Expires March 12, 2024